UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                                                                    Case No. 2:16-cv-98
                                                                            HON. GORDON J. QUIST

UNKNOWN KIND and UNKNOWN
HATTAMER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff D'Andre Alexander filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging constitutional violations and state law violations that occurred while he was incarcerated at Marquette Branch Prison (MBP). Plaintiff is suing Correctional Officers (unknown) Kind and (unknown) Hattamer. Defendants have moved for summary judgment on the grounds that Plaintiff failed to exhaust his administrative remedies. (ECF No. 16.) Plaintiff has responded. (ECF No. 23.) This matter is now ready for decision.

On August 21, 2014, Plaintiff filed a grievance against MBP's food service because he was having issues with his meals. On December 8, 2014, Defendants Kind and Hattamer conducted a search of Plaintiff's cell while he was in the shower. Plaintiff returned from the shower to find his headphones underneath his desk. Plaintiff alleges that his headphones and his MP3 player were broken. Plaintiff further alleges that both Defendants Kind and Hattamer told him later that they broke his property because he filed a grievance against MBP's food service.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th

Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove. *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET

AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 549 U.S. at 218-19. In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief; where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it; or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control. *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a

completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶¶ P, V. The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely. Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original).[1] The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ V.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB. The respondent at Step II is designated by the policy. *Id.* at ¶ DD. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall generally be completed within 120 calendar days unless an extension has been approved . . . ." *Id.* at ¶ S.

Plaintiff filed one grievance related to his allegations in this case—Grievance # MBP-14-12-02186-19Z. At Step I, Plaintiff alleged that Correctional Officer Nice and "a red tag officer"

---

[1] In *Holoway v. McClaren*, No. 15-2184 (6th Cir., April 7, 2016) (unpublished), the Sixth Circuit concluded that where a plaintiff fails to name each defendant in his grievance, the un-named defendants may not be dismissed for failure to exhaust grievance remedies if the MDOC did not reject the grievance under the policy requiring a grievant to name each individual involved. The Sixth Circuit stated: "Because MDOC officials addressed the merits of Holloway's grievance at each step and did not enforce any procedural requirements, Holloway's failure to identify the defendants named in this lawsuit and to specify any wrongdoing by them in his grievances cannot provide the basis for dismissal of his complaint for lack of exhaustion." *Id*. at 3. The Sixth Circuit failed to provide any guidance as to how the MDOC might determine who the plaintiff intended to name in a future federal lawsuit at the time the plaintiff filed his Step I grievance.

searched his cell while he was in the shower. Plaintiff also alleged that the officers broke his headphones and MP3 player. In response to the Step I grievance, the respondent found that Defendants Kind and Hattamer were the individuals who searched Plaintiff's cell. The respondent stated that it was an accident and that the Plaintiff should petition the Prisoner Benefit Fund for reimbursement. At Step II, Plaintiff complained that Defendants damaged his property in retaliation for filing a grievance against the MBP's food service. Plaintiff's grievance was denied at Step II. Plaintiff never appealed to Step III. However, Plaintiff alleges that he handed his Step III grievance to Fred Govern, who is an ARUS at MBP. Plaintiff further alleges that Fred Govern never sent his Step III appeal and that Fred Govern told him later that he threw out the Step III grievance.

Defendants argue that Plaintiff failed to exhaust his administrative remedies because Plaintiff did not appeal through Step III. Plaintiff argues that he exhausted all *available* remedies because he attempted to appeal through Step III but a prison official refused to send out the grievance. Defendants counter by pointing to an affidavit submitted by Fred Govern in another case filed by Plaintiff. *Alexander v. Salmi*, Case No. 2:16-cv-96, ECF No. 39-1, PageID.325-327. In his affidavit in that case, Fred Govern states that he never refused to send out any of Plaintiff's mail. Despite Govern's assertion, there is a genuine issue of fact as to whether Plaintiff attempted to send out the Step III grievance. Therefore, in the opinion of the undersigned, Defendants have failed to meet their burden to show that Plaintiff failed to exhaust all available administrative remedies. *See Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

Defendants also contend that Plaintiff failed to exhaust some of the alleged retaliatory acts because the events occurred after Plaintiff filed the grievance on December 14, 2014. In his complaint, Plaintiff alleges that, in June 2015 and August 2015, Defendants Kind and Hattamer told him that his property was destroyed in retaliation of Plaintiff filing a grievance. Contrary to Defendants' assertion, these allegations are not "further acts of retaliation." PageID.84. Instead, these

-6-

allegations (if true) are only evidence that Defendants' destruction of Plaintiff's property was in retaliation of Plaintiff filing a grievance.

Accordingly, it is recommended that Defendants' motion for summary judgment (ECF No. 16) be denied.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: February 14, 2017

                                          /s/ Timothy P. Greeley  
                                          TIMOTHY P. GREELEY  
                                          UNITED STATES MAGISTRATE JUDGE