UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                  Case No. 2:16-cv-98
                                    HON.  GORDON J. QUIST

UNKNOWN KIND and UNKNOWN
HATTAMER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff D'Andre Alexander filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against Correctional Officers (unknown) Kind and (unknown) Hattamer.  The Court previously denied Defendants' motion for summary judgment on the issue of exhaustion because there was an issue of fact as to whether Plaintiff attempted to file a Step III grievance.  On June 7, 2017, the undersigned held an evidentiary hearing to resolve the issue of fact.[1]  For the reasons stated below, the undersigned now recommends that Plaintiff be found to have exhausted his available administrative remedies.

Pursuant to the applicable portion of the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001).  A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type

---

[1] At this evidentiary hearing, the undersigned heard testimony regarding exhaustion issues in four of Plaintiff's cases— *Alexander v. Govern et al.,* 2:16-cv-66; *Alexander v. Salmi et al.,* 2:16-cv-96; *Alexander v. Kind et al.,* 2:16-cv-98; *Alexander v. Govern,* 2:16-cv-166.

of relief he seeks in the state administrative process.  *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999).  In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules.  *Jones v. Bock*, 549 U.S. 199, 218-19 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006).  "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'"  *Jones*, 549 U.S. at 218-19.  In rare circumstances, the grievance process will be considered unavailable where officers are unable or consistently unwilling to provide relief; where the exhaustion procedures may provide relief, but no ordinary prisoner can navigate it; or "where prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation."  *Ross v. Blake*, 136 S.Ct. 1850, 1859-60 (2016).

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint.  Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control.  *Id.* at ¶ P.  If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a completed grievance form within five business days of the attempted oral resolution.  *Id.* at ¶¶ P, V.  The Policy Directive also provides the following directions for completing grievance forms: "The issues should be stated briefly but concisely.  Information provided is to be limited to the <u>facts</u> involving the issue being grieved (i.e., who, what, when, where, why, how).  Dates, times, places and names of all those involved in the issue being grieved are to be included."  *Id.* at ¶ R (emphasis in original).

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, BB.  The respondent at Step II is designated by the policy. *Id.* at ¶ DD.  If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III using the same appeal form. *Id.* at ¶¶ T, FF.  The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶¶ T, FF.  The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG.

A prisoner's failure to exhaust administrative remedies is an affirmative defense, which Defendants have the burden to plead and prove by a preponderance of the evidence. *See Lee v. Willey,* 789 F.3d 673, 678 (6th Cir. 2015); *Jones v. Bock*, 549 U.S. 199, 212-16 (2007). When factual disputes arise regarding the issue of exhaustion, the Sixth Circuit has found that a district court may resolve the disputes in a bench trial. *Lee v. Willey,* 789 F.3d 673, 678 (6th Cir. 2015).

In this case, Defendants moved for summary judgment on the ground of exhaustion because Plaintiff did not file any grievances related to his claims through Step III.  In response, Plaintiff asserted that he attempted to file a Step III grievance.  Plaintiff alleged that he handed the Step III grievance to Fred Govern, who is an ARUS at Marquette Branch Prison.  Plaintiff further alleged that ARUS Govern refused to send the Step III grievance and told Plaintiff that he threw the grievance out.  Based on Plaintiff's allegations, the Court found that there were issues of fact as to whether Plaintiff attempted to send the Step III grievance.

At the evidentiary hearing, ARUS Fred Govern testified. He stated that he has never destroyed a prisoner's grievances or legal mail. He stated that if he receives a grievance from a prisoner, he always sends the grievance to the grievance coordinator at the facility. He also stated that he never told Plaintiff that he destroyed one of his grievances. On cross-examination, ARUS stated that he does not remember the grievance from this case.

Plaintiff also testified during the evidentiary hearing. He stated that he gave ARUS Govern the Step III grievance related to his claims in this case. He also testified that ARUS Govern told him that he did not deliver the grievance and that he had refused to deliver Plaintiff's other legal mail too. Plaintiff explained that he has given ARUS Govern many grievances in the past and that ARUS Govern has a history of antagonizing him.

As mentioned above, Defendants have the burden to show that Plaintiff failed to exhaust all available administrative remedies. The factual issue in this case is whether Plaintiff gave ARUS Govern the Step III grievance. ARUS Govern says that he never received the grievance and denies that he told Plaintiff that he destroyed the grievance. Plaintiff says that he gave the grievance to ARUS Govern and that ARUS Govern told him that he destroyed the grievance. This factual determination is a close call because the undersigned finds each person's testimony to be reasonably credible. However, the burden is ultimately on Defendants, and the undersigned finds that they have not met their burden.

In addition, the fact that Plaintiff has successfully pursued several other grievances through Step III supports Plaintiff's position. Plaintiff has demonstrated that he knows the grievance procedure and exercises his diligence in following these procedures. Simply, it does not make sense that Plaintiff—who is never shy to voice his complaints and has obviously filed numerous grievances—would not attempt to file the Step III grievance.

-5-

Accordingly, the undersigned finds that Defendants did not meet their burden to demonstrate that Plaintiff failed to properly exhaust his claims. Therefore, the undersigned recommends that Plaintiff be found to have exhausted his available administrative remedies.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:   June 27, 2017                               */s/ Timothy P. Greeley*
                                                    TIMOTHY P. GREELEY
                                                    UNITED STATES MAGISTRATE JUDGE