UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                                                                   Case No. 2:16-cv-98
                                                                                                      HON.  GORDON J. QUIST

UNKNOWN KIND and UNKNOWN
HATTAMER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff D'Andre Alexander filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging retaliation, conspiracy, and state law claims. Plaintiff's claims arise from events that occurred while he was incarcerated at Marquette Branch Prison (MBP).[1] He is suing Correctional Officers (unknown) Kind and (unknown) Hattamer. Defendants have moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(a). (ECF No. 63.) Plaintiff filed a response. (ECF No. 66.) Defendants filed a reply. (ECF No. 69.) This matter is ready for decision.

On August 21, 2014, Plaintiff filed a grievance against MBP's food service because he was having issues with his meals. On December 8, 2014, Defendants Kind and Hattamer conducted a search of Plaintiff's cell while he was in the shower. Plaintiff returned from the shower to find his headphones and MP3 player damaged. Following the cell search, Plaintiff alleges that Defendants told him on multiple occasions that they broke his property because he

---

[1] In their motion, Defendants also address a due process claim. However, Plaintiff concedes that he "is suing for retaliation/conspiracy in regard to his constitutional claim, not due process[.]" (ECF No. 66, PageID.388.)

filed a grievance against MBP's food service. Plaintiff claims that Defendant Kind retaliated against him because Defendant Kind formerly worked in MBP's food service and was unhappy about the grievance.

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (citing *Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson*, 477 U.S. at 247-48.

In addition, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. *See also*

*Leahy v. Trans Jones*, Inc., 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); cf. *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendants assert that they are entitled to qualified immunity.[2] Government officials, performing discretionary functions, generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999); *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997); *Noble v. Schmitt*, 87 F.3d 157, 160 (6th Cir. 1996); *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). An "objective reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Dietrich*, 167 F.3d at 1012; *Anderson v. Creighton*, 483 U.S. 635, 641 (1987). "Qualified immunity balances two important interests-the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

In making a qualified immunity determination the court must decide whether the facts as alleged or shown make out a constitutional violation or whether the right that was allegedly violated was a clearly established right at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly

---

[2] Defendants also assert that they are entitled to Eleventh Amendment immunity. "The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101 (1984) (citation omitted). However, Plaintiff states that he is suing Defendants in their individual capacities and not in their official capacities. Thus, the undersigned finds that the Eleventh Amendment does not apply to this case.

established, qualified immunity is warranted. *Id.* The court may consider either approach without regard to sequence. *Id*. at 236.

Retaliation based upon a prisoner's exercise of his or her constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). In order to set forth a First Amendment retaliation claim, a plaintiff must establish that:  (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Here, Defendants contend that Plaintiff failed to establish the second element of a retaliation claim—that an adverse action was taken against him that would deter a person of ordinary firmness from engaging in the protected conduct. The adverseness inquiry is an objective one, and does not depend on how a particular plaintiff reacted. *Thaddeus-X*, 175 F.3d at 396, 398. "[W]hile certain threats or deprivations are so *de minimis* that they do not rise to the level of being constitutional violations, this threshold is intended to weed out only inconsequential actions, and is not a means whereby solely egregious retaliatory acts are allowed to proceed past summary judgment." *Id.* Thus, the question is whether the damage to Plaintiff's headphones and MP3 player were more than *de minimis* and capable of deterring a person of ordinary firmness from exercising future First Amendment rights. *Id.*

Although they admit to damaging Plaintiff's headphones and MP3 player, (ECF No. 23-2, PageID.205), Defendants argue that the adverse act of damaging Plaintiff's property was

not more than *de minimis* and does not rise to a constitutional violation.  Defendants allege that the damage occurred after one of them accidentally tripped over the headphone cord during the cell search.  Because the damage was unintentional, Defendants contend that the act would not deter a person of ordinary firmness.  Plaintiff disputes the fact that Defendants unintentionally damaged his property.  Plaintiff claims that Defendants told him on multiple occasions that the damage was caused intentionally.  In addition, Plaintiff submitted an affidavit from an inmate in a neighboring cell, Danni Hursey, who claims that Defendant Kind admitted that he intentionally damaged Plaintiff's property because Plaintiff filed a grievance.  (ECF No. 66-15, PageID.416.)  Therefore, in the opinion of the undersigned, a question of material fact exists as to whether Defendants intentionally damaged Plaintiff's headphones and MP3 player.

Defendants also argue that whether the damage was caused intentionally is insignificant because Plaintiff was able to seek reimbursement for the damaged property.  As Defendants note, Plaintiff was eligible to file a petition for reimbursement to the State Administrative Board and the Prison Benefit Fund.  Plaintiff failed to file any such petition.  Thus, Defendants state: "It cannot be said that a reasonable prisoner, whose property is damaged (intentionally or accidentally), would then be afraid to continue engaging in protected conduct when he is told that he is entitled to be put back in the position he was before the property was damaged."  (PageID.438.)  Defendants failed to cite any case law to support this proposition. Moreover, the undersigned finds that the intentional destruction of a person's property is capable of deterring a reasonable person of ordinary firmness from engaging in protected conduct.  The fact that the person may later be reimbursed for the property damage does not transform an intentional adverse act into an act that does not amount to a constitutional violation.  Here, Plaintiff alleges that the cost of his headphones and MP3 player (including the songs on the MP3 player)

was over $600.  Defendants do not rebut this assertion.  Therefore, in the opinion of the undersigned, a reasonable jury could conclude that Defendants intentionally damaging Plaintiff's headphones and MP3 player could deter a person of ordinary firmness from engaging in protected conduct.[3]

Finally, Defendants may still be entitled to qualified immunity if their conduct did not violate a right that was clearly established.  It is well-established that a prisoner cannot be retaliated against for filing grievances.  *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001); *Noble v. Schmitt*, 87 F.3d 157, 162 (6th Cir. 1996).  As described above, there is a question of fact as to whether Defendants intentionally damaged Plaintiff's headphones and MP3 player.  Whether Defendants are entitled to qualified immunity in this case depends on the resolution of this factual dispute.  *See Hall v. Shipley*, 932 F.2d 1147, 1154 (6th Cir. 1991) ("The district court correctly found that summary judgment is inappropriate on this issue because there are factual disputes on which the issue of immunity turns such that it cannot be determined before trial whether the officers did acts which violate clearly established rights.").  Therefore, in the opinion of the undersigned, Defendants' request for qualified immunity should be denied at this time.

Accordingly, the undersigned recommends that Defendants' motion for summary judgment (ECF No. 63) be denied.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal.

---

[3] It should be noted that in his brief, Plaintiff details how he attempted to file several petitions for reimbursement but his efforts were thwarted by other prison officials.  However, Plaintiff is not suing these other prison officials and does not assert a due process claim.  Moreover, as discussed above, the undersigned finds that whether Plaintiff is capable of filing a petition for reimbursement has little relevance to the retaliation claim.

*United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  January 11, 2018

                                            /s/ Timothy P. Greeley
                                            TIMOTHY P. GREELEY
                                            UNITED STATES MAGISTRATE JUDGE