UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

D'ANDRE ALEXANDER #731077,

    Plaintiff,

v.                                                    Case No. 2:16-CV-98

MICHAEL KIND and TYLER               HON. GORDON J. QUIST
HATTAMER,

    Defendants.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### Jurisdiction

Plaintiff, D'Andre Alexander, a prisoner currently incarcerated with the Michigan Department of Corrections (MDOC), sued Defendants, Michael Kind and Tyler Hattamer—MDOC custodial officers. Plaintiff brings his claim under 42 U.S.C. § 1983, asserting that Defendants Kind and Hattamer violated his First Amendment rights by retaliating against him for filing a grievance. The Court has jurisdiction pursuant to 28 U.S.C. § 1331. A bench trial was held on September 25, 2018, wherein the Court heard testimony from Plaintiff, Defendant Kind, Defendant Hattamer, and Dashi Hursey, a prisoner housed in an adjoining cell.

### Findings of Fact

Plaintiff claims that Defendant Kind broke his MP3 player and headphones during a cell search in retaliation for filing a grievance against food service, and that Defendant Hattamer covered up the violation. On August 21, 2014, shortly after Plaintiff arrived at Marquette Branch

Prison (MBP), he filed a grievance against food service. Sergeant Lee reviewed his grievance on August 31, 2014, and advised Plaintiff to sign off the grievance "to get off the radar." Then, on or about December 12, 2014, while Plaintiff was in the shower, Defendants conducted a search of Plaintiff's cell. When Plaintiff returned to his cell, his cell was in disarray and he found his headphones broken, lying on the floor. Defendants were standing outside his cell. Defendant Kind stated that he had tripped over the headphone cord during the cell search and told Plaintiff to file a grievance and petition the Prisoner Benefit Fund for reimbursement. After Defendants left, Plaintiff found that the input jack to his MP3 player was also damaged.

Neither Defendant was named in Plaintiff's grievance against food service, and neither Defendant knew about Plaintiff's grievance against food service until the time of the lawsuit. Although Defendant Kind used to work for food service, he stopped working for food service in December 2013, when food service was privatized, and he did not know anybody working in food service in August 2014, when Plaintiff submitted his grievance. The search of Plaintiff's cell on December 12, 2014, was a routine search that was assigned by a counselor. Defendants did not choose which cell to search. Plaintiff never had any issues with either Defendant prior to the day of the cell search, so a period of nearly four months elapsed after Plaintiff filed his grievance in which he had no adverse interactions with either Defendant. Moreover, Defendant Kind encouraged Plaintiff to file a grievance and seek reimbursement on more than one occasion.

## Conclusions of Law

Retaliation based upon a prisoner's exercise of his constitutional rights violates the Constitution. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). To establish a First Amendment retaliation claim, a plaintiff must prove that: (1) he engaged in protected

conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Id.* Moreover, a plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S. Ct. 568, 576 (1977)).

Plaintiff has not shown that either Defendant violated his constitutional rights. Defendants concede that Plaintiff engaged in protected conduct in filing his grievance against food service. Defendants do not appear to dispute that damage to personal property could constitute an adverse action. But Plaintiff has failed to show that the damage to his MP3 player and headphones was anything other than an accident. Because Plaintiff has not shown that the damage to his personal property was motivated by the exercise of his protected conduct, his Section 1983 claim fails.

## **Conclusion**

Plaintiff has failed to prove that Defendants violated his First Amendment rights.

An appropriate judgment will enter.

Dated: October 11, 2018 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE

3